IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

v.

NATHAN LARON GRISSOM,

Defendant.

CRIMINAL ACTION FILE

NO. 1:17-cr-039-MLB-AJB

## UNITED STATES MAGISTRATE JUDGE'S ORDER AND FINAL REPORT AND RECOMMENDATION

On August 15, 2019, the District Court committed Defendant Grissom to the custody of the Attorney General to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward. [Doc. 74]. On April 1, 2020, FMC Butner sent a report concluding that Grissom was competent to stand trial. Despite the District Court's order that said report be submitted to the undersigned, [*see id.*], the undersigned did not receive notice of the report until July 1, 2020 (hereinafter "Restoration Report"). The Restoration Report was accompanied by a Certificate of Restoration of Competency to Stand Trial signed by the Warden. The Clerk is **DIRECTED** to file the Restoration Report under seal. On July 8, 2020,

Defendant moved to stipulate to the conclusions of the Restoration Report. [Doc. 92]. That motion is **GRANTED**.

I.     **BACKGROUND**

Grissom is charged in an indictment with transmitting a threatening communication in interstate commerce, in violation of 18 U.S.C. § 875(c), and impersonating a federal officer, in violation of 18 U.S.C. § 912. [Doc. 2]. The Government filed a motion for a mental health evaluation, [Doc. 12], which the Court granted with the stipulation that the evaluation be performed locally. [Doc. 13]. The Court later ordered that Grissom be evaluated for his competency both to stand trial and at the time of the commission of the offenses. [Doc. 19]. An August 7, 2017, forensic evaluation report opined that Grissom possessed some factual understanding but not a rational understanding of the proceedings against him, and that he did not have the capacity to assist legal counsel in his defense, and recommended that an attempt be made to restore his competency through medication. Court Exh. 1 (under seal). The Court granted the Government's motion, [Doc. 22], for restoration treatment. [Doc. 23]. The Court then extended the time needed to attempt to achieve restoration. [Doc. 33].

On August 3, 2018, the Federal Bureau of Prisons, Federal Medical Center, at Butner, N.C., by Forensic Psychologist Evan S. Du Bois, Psy.D., issued a report

opining that Grissom's mental disease symptoms are in remission and that he is no longer incompetent to stand trial. Court Exh. 4 (under seal) (hereinafter "the First Report"). Based on the First Report, Associate Warden A. W. Rupska certified that Grissom's competency has been restored. Court Exh. 5 (under seal). At a hearing before the Court on September 4, 2018, the parties stipulated to the conclusions in the First Report and stipulated to Grissom's competency to stand trial. [Doc. 36]. The undersigned issued a Report and Recommendation ("R&R") to that effect on November 2, 2018. [Doc. 41]. The District Court adopted the R&R on December 20, 2018. [Doc. 50].

On March 21, 2019, the Court ordered Grissom to undergo further psychiatric evaluation, [Doc. 59], resulting in another finding of incompetence, and the District Judge's August 15, 2019 order directing restoration. [Doc. 74]. The Restoration Report and certificate of restoration followed. The parties have stipulated to its conclusions. [Doc. 92].

## II. DISCUSSION

According to the Restoration Report, after recounting Grissom's past psychological history and treatment, Dr. Du Bois related that, on March 12, 2020, Grissom was seen to discuss his case and administered the Revised Competency Assessment Instrument (RCAI). The RCAI is a semi-structured interview on basic

3

knowledge about the court process. He previously completed this same assessment during a previous evaluation and in interviews leading to the assessment had demonstrated knowledge of his current legal charges and circumstances. The assessment was administered in part to confirm his continued factual understanding but primarily to assess his rational understanding of the proceedings and his ability to work with his defense counsel. Dr. Du Bois also was interested in Grissom's ability to comport his behavior as would be expected in court proceedings was also considered, as Grissom has had difficulty with this when unmedicated.

Dr. Du Bois reported that Grissom correctly identified his charges as "impersonating a Secret Service agent and threat by telecommunication." Dr. Du Bois also concluded that Grissom understood the details of the alleged criminal conduct, seriousness of the charges ("felonies"), and their possible consequences ("when I looked it up, it was 5 years"). Dr. Du Bois also stated that Grissom correctly defined the term probation and provided appropriate examples of conditions of release, noting that he was able to discuss specific conditions he had when previously released and discussed his understanding of why his release was revoked. Grissom also correctly identified available pleas and their definitions, the roles of courtroom participants, and types of trials. Dr. Du Bois further

concluded that Grissom correctly described his right against self-incrimination and the adversarial nature of trial.

The Restoration Report also reflected that Grissom was able to discuss the likely outcomes in his case, including the evidence against him. Regarding the potential to dispute the evidence and the case against him, Grissom stated that he had a "50/50" chance, "if it's up to a jury," as well as the benefits and drawbacks of electing to go to trial. To Dr. Bois, Grissom provided a rational understanding of his legal strategy and was able to discuss his previous actions which led to placement on pretrial diversion. He also provided a sound rationale for avoiding a not-guilty-by-reason-of-insanity plea, describing it as a "lifelong commitment" and the comparative benefits of pleading guilty. Despite discussing his desire to testify if he were to go to a trial, he again minimized that as a possibility in his current case.

Dr. Du Bois also recounted that Grissom was able to discuss his ability to work with his attorney and appeared able to do so, noting that twice after interviews with Dr. Du Bois, Grissom requested to speak with his attorney and was able to do so. Grissom described the first call as positive, and the second call was made on a speakerphone and included a discussion with Dr. Du Bois in the room about his

current status. In Dr. Du Bois's presence Grissom was able to relay and receive information to and from his attorney without significant difficulty.

Dr. Du Bois also recounted other information supporting a finding of restored competency, such as the fact that Grissom provided information which could have been helpful for him, such as potential housing placements if released to the community. He also expressed an understanding and ability to address conflict with his attorney and steps he could take if unsatisfied with the outcome.

Thus, Dr. Du Bois concluded, Grissom continued to display an adequate factual understanding of the courtroom proceedings, and since the beginning of his most recent hospitalization, he also exhibited significant improvement in his ability to relay information in an organized manner. He also became less fixated on delusional material which occurs during more acute phases of his psychosis.

Further, Dr. Du Bois found Grissom to be calm and able to engage in lengthy discussions of his case without inserting overt delusional beliefs or challenging the very nature of the interview or his placement. He is more cooperative and engaging than prior to his being stabilized on psychotropic medication.

Dr. DuBois then concluded that Grissom has been restored to competency:

> [I]t is the opinion of the [Dr. Du Bois] that although [Grissom] has a diagnosis of schizoaffective disorder, a mental disease, his symptoms are presently in partial remission and no longer render him

incompetent to stand trial.  [ ] Grissom's competency is contingent upon his remaining compliant with his current psychotropic medication.  As he has demonstrated previously, discontinuation of medication leads to exacerbation of symptoms and has resulted in his returning to a state where he is likely incompetent to proceed. He has expressed a willingness to continue his medication, at least including his antipsychotic injection, at this time.

[ ] Grissom's mental status is stable without suicidal or homicidal ideation.  However, universal precautions and periodic mental status assessment by mental health professionals are required during periods of transport and holdover of all Federal inmates.  At the writing of this report, [ ] Grissom's current psychotropic medication regimen is as follows: risperidone long-acting injection (50mg every two weeks) and lithium carbonate (300mg at bedtime).

"The Due Process Clause of the Fifth Amendment prohibits the government from trying a defendant who is incompetent."  *United States v. Rahim*, 431 F.3d 753, 759 (11th Cir. 2005) (citing *Pate v. Robinson*, 383 U.S. 375, 378 (1966)).  An individual is considered competent to assist in his proceedings when he has the sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and he has a rational and factual understanding of the proceedings against him.  *United States v. Nickels*, 324 F.3d 1250, 1252 (11th Cir. 2003); *see also Dusky v. United States*, 362 U.S. 402 (1960); 18 U.S.C. § 4241(a), (d), (e) (noting that a court must find a defendant incompetent when a preponderance of the evidence shows that "the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to

7

the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense").  The following factors are relevant in assessing competency:  "a defendant's past medical history, the opinion of psychiatric experts, and the defendant's behavior during trial." *Woodall v. Foti*, 648 F.2d 268, 273 (5th Cir. Unit A, June 16, 1981).[1]  The government bears the burden of proving that a defendant is competent to proceed, at least where the government moves for a competency determination.  *United States v. Izquierdo*, 448 F.3d 1269, 1277 & n.7 (11th Cir. 2006) (citing *United States v. Makris*, 535 F.2d 899, 906 (5th Cir. 1976)).  The Court concludes that based on the evidence stipulated, Grissom has been restored and is competent to proceed.

The Court also notes that Grissom filed a number of pro se motions, most of which while he was not competent to proceed.  [Docs. 62, 69, 72, 79, 84].  A represented defendant in a criminal matter may not file motions pro se.  LCrR 57.1(D)(3), NDGa ("Whenever a party has appeared by attorney, the party may not thereafter appear or act in the party's own behalf in the action or

---

[1] "In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), [the Eleventh Circuit] adopted as binding precedent all cases decided by the Fifth Circuit, including both Units A and B, prior to October 1, 1981." *Georgia Power Co. v. N.L.R.B.*, 484 F.3d 1288, 1290 n.1 (11th Cir. 2007).

proceeding or take any step therein unless the party has first given notice of the party's intention to the attorney of record and to the opposing party and has obtained an order of substitution from the Court."). As a result, those motions are **DENIED WITHOUT PREJUDICE** to being re-filed by defense counsel, or, if a motion concerns Defendant's perception of defense counsel's representation, he may renew his motions concerning the representation, [Docs. 62, 72], pro se.

### III. CONCLUSION

For all of the above reasons, the undersigned **RECOMMENDS** that the District Judge conclude that Grissom has been restored to competency. Further, the motion to stipulate to the Restoration Report, [Doc. 92], is **GRANTED**. Defendant's pro se motions, [Docs. 62, 69, 72, 79, 84], are **DENIED WITHOUT PREJUDICE**. The Clerk shall file the Restoration Report under seal.

The Court has now ruled upon, or recommended a ruling upon, all matter referred pursuant to Standing Order 14-02 (N.D. Ga. Aug. 15, 2014). As a result, this matter is **CERTIFIED READY FOR TRIAL**.

**IT IS SO ORDERED, RECOMMENDED, DIRECTED,** and **CERTIFIED**, this 8th day of July, 2020.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE