IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

United States of America,

v.                                                   Case No. 1:17-cr-00039

Nathan Laron Grissom,                Michael L. Brown
                                                      United States District Judge
　　　　　Defendant.

_____/

# ORDER

A forensic evaluation found Defendant Nathan Laron Grissom competent to stand trial. (Dkt. 93.) Defendant moves to stipulate to the forensic evaluation's findings. (Dkt. 92.) The Magistrate Judge recommends granting that motion and finding Defendant competent. (Dkt. 94.) The Court adopts the Magistrate Judge's Report and Recommendation.

**I.　Background**

Defendant is charged with transmitting a threatening communication in interstate commerce, in violation of 18 U.S.C. § 875(c), and impersonating a federal officer, in violation of 18 U.S.C. § 912. (Dkt. 2.) This instance is not the first time Defendant's competency to stand

trial has been questioned. In March 2017, the United States moved for a mental health evaluation. (Dkt. 12.) The Court ordered that Defendant be evaluated for his competency both at the time of the alleged offenses and for a potential trial. (Dkt. 13.) In August 2017, that evaluation found Defendant had a factual but not rational understanding of the proceedings against him. (*See* Dkt. 41.) As a result, he lacked the capacity to assist legal counsel in his defense. (*Id.*) The Court granted the United States's motion for restoration treatment. (Dkts. 22; 23.) The Court also extended the time needed to attempt to restore Defendant's capacity to stand trial. (Dkt. 33.) In August 2018, Evan S. Du Bois, Psy D., a forensic psychologist at the Federal Bureau of Prisons, Federal Medical Center at Butner, N.C., found Defendant's mental illness symptoms to be in remission. (*See* Dkt. 41.) As a result, Dr. Du Bois found Defendant competent to stand trial. (*Id.*) The parties stipulated to Dr. Du Bois's conclusions and to Defendant's competency to stand trial. (Dkt. 36.) The Magistrate Judge recommended finding Defendant competent to stand trial. (Dkt. 41.) This Court then adopted that recommendation. (Dkt. 50.)

In March 2019, the parties raised renewed concerns of Defendant's mental health and the Court ordered Defendant to undergo another psychiatric evaluation. (Dkts. 56; 59.) In August 2019, the Court ordered restoration. (Dkt. 74.) Dr. Du Bois now submits his Restoration Report. (Dkt. 93.) The parties have stipulated to the Restoration Report's conclusions. (Dkt. 92.)

## II.  Restoration Report

In March 2020, Dr. Du Bois did a Revised Competency Assessment Instrument, which is a semi-structured interview on basic knowledge about the court process. (Dkt. 93 at 9.) Dr. Du Bois administered the test to confirm Defendant's understanding of the proceedings against him and to assess Defendant's rational understanding of the proceedings and his ability to work with defense counsel. (*Id.*) Dr. Du Bois also wanted to determine whether Defendant could behave as expected in court. (*Id.*) During their conversation, Defendant correctly identified the charges against him, correctly defined the definition of probation, and described both his right against self-incrimination and the adversarial nature of trial. (*Id.*) Defendant could discuss the likely outcomes of a potential trial. (*Id.*) Dr. Du Bois also found Defendant able to discuss his ability

3

to work with his attorney. (*Id.*) Assessing his demeanor, Dr. Du Bois found Defendant calm and able to discuss the case without inserting delusional beliefs, which had been an issue previously. (*Id.* at 10.)

The government cannot try an incompetent defendant. *United States v. Rahim*, 431 F.3d 753, 759 (11th Cir. 2005). An individual is competent to assist in his proceedings when he has the sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and he has a rational and factual understanding of the proceedings around him. *United States v. Nickels*, 324 F.3d 1250, 1252 (11th Cir. 2003). If the government moves for a competency determination, then it bears the burden of proving that a defendant is competent to proceed. *United States v. Izquierdo*, 448 F.3d 1269, 1277 n.7 (11th Cir. 2006). The Magistrate Judge found, based on the evidence stipulated, that Defendant had been restored and is competent to stand trial. This Court agrees and adopts the Magistrate Judge's conclusion.

### III. Conclusion

The Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Dkt. 94). The Court **CONCLUDES** that Defendant Nathan Laron Grissom has been restored to competency.

4

5

**SO ORDERED** this 14th day of August, 2020.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE