**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

United States of America,

v.                                                    Case No. 1:17-cr-39-MLB

Nathan Laron Grissom,

　　　　　　　Defendant.

_____/

## ORDER

In March 2021, Natham Grissom pleaded guilty to interstate communication of a threat in violation of 18 U.S.C. § 875(c), and the Court sentenced him to time served plus 90 days of supervised release. (Dkt. 125.)  On May 5, 2025, Grissom filed a document that the Magistrate Judge interpreted as a motion to vacate his conviction under 28 U.S.C. § 2255. (Dkt. 128.)  On May 7, 2025, he filed a motion to dismiss the indictment.  (Dkt. 129.)  The Magistrate Judge ordered the Clerk to send Grissom the proper form to perfect his § 2255 motion, ordered Grissom to file that motion within 30 days, and warned that his failure to do so would result in dismissal of his motion.  (Dkt. 130.)  Grissom did

1

not do that.  The Magistrate Judge issued a report and recommendation saying this Court should (1) dismiss his § 2255 motion to vacate for failure to comply with a lawful order of the Court and (2) dismiss his motion to dismiss for lack of subject matter jurisdiction because Grissom filed it more than four years after his criminal case concluded.  (Dkt. 131 at 2 (citing *United States v. Felder*, 220 F. App'x 951, 952 (11th Cir. 2007) (per curiam) (court lacks subject matter jurisdiction over motion to dismiss case that is no longer pending).)  Grissom filed no objections.

Federal law requires district courts to "make a de novo determination of those portions of [an R&R] to which objection is made." 28 U.S.C. § 636(b)(1).  Any such objection "must specifically identify the portions of the [R&R] to which objection is made and the specific basis for objection." *McCullars v. Comm'r, Soc. Sec. Admin.*, 825 F. App'x 685, 694 (11th Cir. 2020)[1]; *see United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009) ("[A] party that wishes to preserve its objection must

---

[1] The Court recognizes *McCullars* is unpublished and not binding.  The Court cites it and other unpublished cases as instructive, nonetheless. *See Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1355 n.5 (11th Cir. 2018) ("Unpublished cases do not constitute binding authority and may be relied on only to the extent they are persuasive.").

2

clearly advise the district court and pinpoint the specific findings that the party disagrees with."). "Frivolous, conclusive, or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988). When no objections are filed, de novo review is unnecessary. *Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.").

Even assuming review is necessary here, the Court sees no error in the Magistrate Judge's recommendations. Grissom failed to perfect his motion to vacate as ordered by the Court and his criminal case has not been pending for years. The Court thus **ADOPTS** the Magistrate Judge's report and recommendation (Dkt. 131) and **DISMISSES** both Grissom's motion to vacate (Dkt. 128) and his motion to dismiss (Dkt. 129). Since no reasonable jurist could find dismissal of his motion to vacate wrong or debatable, the Court also adopts the Magistrate Judge's recommendation that it **DENY** a certificate of appealability.

3

**SO ORDERED** this 1st day of May, 2026.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE